**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 6 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-35126 |
| | ) | |
| Catherine J. Partin, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER GRANTING MOTION FOR TURNOVER

This matter is before the court on the Motion for Turnover of Life Insurance Proceeds filed by the Chapter 7 Trustee ("Motion for Turnover") [Doc. # 15] and Debtor's response [Doc. # 17]. The Trustee seeks an order for turnover of life insurance proceeds received by Debtor after the death of her son and within 180 days after the date Debtor filed her petition. For the reasons that follow, the Trustee's Motion will be granted.

### BACKGROUND

The following facts are not in dispute. Debtor filed her Chapter 7 bankruptcy petition on December 18, 2013. At the time of filing, she owned and was the beneficiary of a term life insurance policy on her son's life. On December 23, 2013, Debtor's son, age fifty-three, died unexpectedly in Kentucky where he lived. He died leaving no money and no other family. Although Debtor had no money to pay for funeral expenses, solely on the strength of the life insurance policy held by Debtor, a funeral home in the Toledo,

Ohio, area agreed to transport Debtor's son to this area and provide burial services. After receiving the life insurance proceeds of $10,111.78, Debtor applied the proceeds to payment of the funeral bill, which totaled $9,888.55.

## LAW AND ANALYSIS

The Trustee's Motion for Turnover is brought under 11 U.S.C. § 542(a), which provides in relevant part as follows:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

In order for the Trustee to prevail, the Trustee must establish "(1) that the property is or was in the possession, custody or control of an entity during the pendency of the case, (2) that the property may be used by the trustee in accordance with § 363 or exempted by the debtor under § 522; and (3) that the property has more than inconsequential value or benefit to the estate." *Bailey v. Suhar (In re Bailey)*, 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008).

The first and third elements are clearly satisfied. Debtor does not dispute that she was in possession of the life insurance proceeds at issue during the pendency of this case. The fact that she paid those funds to the funeral home and, thus, no longer has possession of the funds does not defeat the Trustee's Motion. *See id.* at 492-93 (recognizing that courts are divided on the question of whether a trustee may compel turnover from entities who no longer have possession of the property at the time turnover is sought and agreeing with the Fourth and Seventh Circuits in holding that § 542(a) requires only that the entity have been in possession of the property "during the case"); *Beaman v. Vandeventer Black, LLP (In re Shearin)*, 224 F.3d 353 (4th Cir.2000); *Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA Diversified Prods., Inc.)*, 100 F.3d 53, 56 (7th Cir.1996). *But see Brown v. Pyatt (In re Pyatt),* 486 F.3d 423, 429 (8th Cir.2007) (holding that the trustee could not compel debtor to turn over property which is no longer within his control). And there is no question that the insurance proceeds would provide value to the bankruptcy estate.

As to the second element, in accordance with § 363, the Trustee "may use, sell, or lease . . . property of the estate." 11 U.S.C. § 363(b). Although life insurance proceeds received by a debtor within 180 days after the date of filing of the petition, as occurred in this case, fall within the Bankruptcy Code's definition

of "property of the estate," *see* 11 U.S.C. § 541(a)(5)(C), Debtor argues that insurance proceeds that were necessary to pay the funeral expenses of Debtor's son should, in equity, not be considered property of the estate. The court's equitable power is derived from 11 U.S.C. § 105(a), *Anwar v. Johnson*, 720 F.3d 1183, 1187 (9th Cir. 2013), which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code], 11 U.S.C. § 105(a). However, equitable powers under § 105(a) "must and can only be exercised within the confines of the Bankruptcy Code." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 382 (U.S.,2007) (citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). While the court has great sympathy for Debtor's circumstances, equitable considerations do not permit a bankruptcy court to contravene express provisions of the Code. *Law v. Siegel*, 134 S. Ct. 1188, 1197 (2014). The express provisions of the Code define the life insurance proceeds received by Debtor as "property of the estate" and require turnover of those proceeds, or the value of the proceeds, to the Trustee. *See* 11 U.S.C. §§ 541(a)(5)(C) & 542(a).

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion for Turnover of Life Insurance Proceeds [Doc. # 15] be, and hereby is, **GRANTED.**

###

3

13-35126-maw    Doc 25    FILED 06/06/14    ENTERED 06/06/14 11:15:42    Page 3 of 3